806 | WARD ET AL. *v.* FORKNER. [5 Cal. Unrep.]

---

### WARD et al. v. FORKNER, County Treasurer.

### S. F. No. 1054; September 27, 1897.

#### 50 Pac. 713.

**Mandamus Against County Treasurer. — A Petition to the Supreme** court for a writ of mandate showed that, after the death of plaintiff's intestate, she, as administratrix, applied for and received from the county auditor warrants for salary due deceased as sheriff; that, upon presentation to the county treasurer, he refused to pay said warrants; that the judge of the superior court of the county was disqualified to act; and that no other judge in said county was qualified. Held, to be sufficient grounds for issuance of the writ to compel the treasurer to pay the warrants.

APPEAL from Superior Court, City and County of San Francisco.

Action by Ada F. Ward, individually and as administratrix of the estate of F. G. Ward, deceased, against Charles A. Forkner, county treasurer of Lassen county, for writ of mandate. Writ granted.

E. V. Spencer for petitioner; N. J. Barry for respondent.

PER CURIAM.—Plaintiffs gave notice to defendant that they would on June 7, 1897, apply to this court for a writ of mandate directed to defendant, commanding him to forthwith pay to plaintiffs certain salary alleged to be due F. G. Ward, as sheriff of Lassen county, and remaining unpaid at the time of his death, to wit, for the months of April and May, 1895. The notice and accompanying affidavit were duly served upon defendant, but he makes no appearance. It appears that, after the death of plaintiff's husband, she, as administratrix, demanded from the county auditor that he draw his warrants for the said salary, which he subsequently did; that they were duly presented to defendant for payment, but he refused and still refuses payment; that the application is originally made to this court for the reason that the judge of the superior court of said Lassen county is disqualified to act in the matter, having been of counsel for plaintiff before his election to that office; and that there is no judge in said county qualified to act. The petition presents sufficient grounds for the issuance of the writ; and it is ordered that the writ issue as prayed for.

Beatty, C. J., not participating.